Filed:  November 4, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————

No. 96-1725
(CA-95-2745-HAR)

———————

Glander Whitehead,

                                    Plaintiff - Appellant,

        versus

Kenneth S. Apfel, etc.,

                                    Defendant - Appellee.


———————

O R D E R

———————


        The Court amends its opinion filed October 20, 1997, as
follows:

        On the cover sheet, section 2 -- the appellee's name is
corrected to read "Kenneth S. Apfel."

                                    For the Court - By Direction


                                    /s/ Patricia S. Connor
                              ————————————————————
                                           Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLANDER WHITEHEAD,
Plaintiff-Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

No. 96-1725

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-95-2745-HAR)

Submitted: April 15, 1997

Decided: October 20, 1997

Before HALL, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert R. Jenkins, Timothy E. Mering, Paul R. Schlitz, Jr., JENKINS,
BLOCK & MERING, P.C., Baltimore, Maryland, for Appellant.
Charlotte Hardnett, Chief Counsel, Region III, Nora Koch, Assistant
Regional Counsel, Office of the General Counsel, DEPARTMENT
OF HEALTH AND HUMAN SERVICES, Philadelphia, Pennsylva-
nia; Lynne A. Battaglia, United States Attorney, Allen F. Loucks,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Glander Whitehead appeals the district court's order upholding the decision of the Commissioner of Social Security finding that Whitehead was not entitled to disability insurance benefits or supplemental security income. Because substantial evidence supports the Commissioner's decision, we affirm.

Whitehead was born in 1954. He has a ninth grade education and previous work experience as a tractor-trailer driver. Whitehead alleged disability commencing on August 13, 1991, because of cervical strain, right-side weakness, and headaches. Medical records reveal that Whitehead underwent a cervical laminectomy for stenosis in 1991. Following the operation, Whitehead's ability to lift and carry was limited, he suffered from bowel and bladder incontinence, and his ability to reach, handle, push, and pull was markedly diminished. He walked slowly, using a cane. His ability to sit for long periods was not impaired.

Whitehead's headaches improved with medication. At his hearing before an ALJ, he reported that his headaches occurred two or three times a month and lasted about an hour. Whitehead also testified that he used no brace or back support and took no medication for neck pain. Whitehead said that he could lift five or six pounds and sit for six hours during an eight-hour period. He spent his days watching television.

A vocational expert (VE) testified that a person with Whitehead's limitations, which the ALJ accurately described, could no longer perform his past relevant work but was capable of performing some jobs, including security monitor. The jobs existed in significant numbers in the region. After reviewing a medical report submitted after the hearing, the VE stated that Whitehead was limited to sedentary work. The

2

ALJ found that, despite this limitation, Whitehead remained able to perform the job of security monitor because that job did not require standing.

Although Whitehead suffered from some sensory and functional impairments, he remained capable of performing sedentary work. After carefully examining all the evidence of record, including medical reports, the transcript of the hearing before the ALJ, and the post-hearing opinion of the VE, we conclude that substantial evidence supports the Commissioner's determination that Whitehead is not disabled. See 42 U.S.C.A. § 405(g) (West 1994 & Supp. 1997).

We therefore affirm the decision of the magistrate judge.* We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

* With the parties' consent, a magistrate judge conducted the proceedings in this case. See 28 U.S.C. §§ 636(c)(1), (c)(3) (1994).

3